UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-v-                                            CASE No.: 8:06-CR-3-T-23TGW

JACOB JEAN-MARIE
_____

REPORT AND RECOMMENDATION

This cause came on for consideration upon the defendant's Motion to Dismiss Count One of the [Superseding] Indictment (Doc. 34).[*] The defendant contends that count one must be dismissed because the statute is unconstitutional on its face or, alternatively, as it is applied in this case. Because the defendant's contentions lack merit, I recommend that the motion be denied.

> Count one of the indictment charges that the defendant,
>
> with malice aforethought, did unlawfully, willfully, deliberately, maliciously, and with premeditation, attempt to kill Joseph Alexander, by shooting Joseph Alexander with a firearm, which killing would have been murder as defined by Title 18,

---

[*] The defendant has been charged in a seven-count indictment with offenses relating to the forced entry into the home of Joseph Alexander and Denise Crespo and the shooting of Alexander multiple times with a firearm, as well as with charges of cocaine distribution, and attempted carjacking (Doc. 15).

United States Code, Section 1111, with the intent to prevent the communication by Joseph Alexander to a law enforcement officer or judge of the United States of information relating to the commission of a federal offense, namely that:

(1) [The defendant], and others had conspired to, and were conspiring to possess with intent to distribute cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

(2) [The defendant], and others attempted to possess with intent to distribute cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

(3) [The defendant], and others knowingly and intentionally possessed cocaine base, a controlled substance, in violation of Title 21, United States Code, Section 844(a); and,

(4) That [the defendant], having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition which had been transported in interstate commerce in violation of Title 18, United States Code, Section 922(g)(1).
All in violation of Title 18, United States Code, Sections 1512(a)(1)(C), 1512(a)(3)(B), 1111, and 2.

The defendant argues that this count must be dismissed because the statute underlying this charge, 18 U.S.C. 1512(a)(1)(C), is somehow unconstitutional (Doc. 34). Section 1512(a)(1)(C) provides that:

> Whoever kills or attempts to kill another person, with intent to ... prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings[] shall be punished as provided in paragraph (3).

The defendant argues that this statute is unconstitutional because "the statute ... reaches conduct where there is no federal interest implicated" (Doc. 34, p. 8). Thus, the defendant argues that the "government is attempting to regulate the state substantive crime of attempted murder" and "[a]ttempted murder is a classic example of a crime that falls solely into the traditional domain of state police power" (id. at pp. 5, 6)(emphasis omitted). Therefore, he argues that Congress's enactment of the statute violates Article I of the United States Constitution and the Tenth Amendment of the United States Constitution (id. at pp. 3-4).

However, §1512(a)(1)(C) does not generally criminalize murderous conduct. Rather, it covers only conduct committed with the intent to prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a federal offense, or other violations of federal law. Thus, the

federal interest in regulating the violent conduct is obvious from the plain language of the statute.

This conclusion is confirmed by the Eleventh Circuit's decision in United States v. Veal, 153 F.3d 1233 (11th Cir. 1998), cert. denied, 526 U.S. 1147 (1999). Veal involved a challenge to 18 U.S.C. 1512(b)(3) on the ground of a purported lack of a federal nexus. Id. at 1247-48. As the Eleventh Circuit pointed out in Veal, §§ 1512(a)(1)(C) and (b)(3) are very similarly worded: "the defendant must have committed the obstructive conduct with the intent to 'prevent' in §1512(a)(1)(C), or 'hinder, delay or prevent,' in §1512(b)(3), communication to a federal law enforcement officer or judge information relating to the commission or possible commission of a federal crime." Id. at 1250 (emphasis in original). The court concluded that "federal jurisdiction under §1512(b)(3) is based on the federal interest of protecting the integrity of potential federal investigations by ensuring that transfers of information to federal law enforcement officers and judges relating to the possible commission of federal offenses be truthful and unimpeded." Id. The same federal interest clearly supports federal jurisdiction in §1512(a)(1)(C). Consequently, the defendant's argument that

§1512(a)(1)(C) lacks a federal interest is defeated by the plain language of that section and the Eleventh Circuit's reasoning in Veal.

The defendant seeks to find support for his contention that §1512 lacks a federal nexus in United States v. Tyler, 281 F.3d 84, 92-93 (3d Cir. 2002), cert. denied, 537 U.S. 858 (2002). In Tyler, however, the Third Circuit rejected constitutional challenges to §1512(a)(1)(C). In particular, the court stated that §1512 focuses "on private conduct substantially affecting federal law enforcement" and that the enactment of such legislation is authorized by "Congress's 'necessary and proper' power to regulate the dispensation of justice in federal courts" and "could [also] be seen as a manifestation of Congress's constitutional authority to carry out its enumerated powers...." Id. & n.8. The fact that the defendant needed to try to squeeze some support for his position out of Tyler underscores the complete lack of merit in his argument.

Alternatively, the defendant requests that §1512(a)(1)(C) be read "as requiring a federal nexus at the time of the alleged conduct in order to save its constitutionality" (Doc. 34, p. 15)(emphasis in original). However, there is already in the statute a federal nexus that must be shown at the time of the obstructive conduct: The Government must prove that the act was committed

with the intent to prevent the communication to a federal law enforcement officer or judge of information of a federal crime. Accordingly, count one of the indictment, which tracks the language of the statute, clearly alleges a federal nexus at the time of the conduct by charging that the defendant "attempt[ed] to kill Joseph Alexander ... with the intent to prevent the communication by Joseph Alexander to a law enforcement officer or judge of the United States of information relating to the commission of" four specific federal offenses (Doc. 15).

What the defendant is really asking is that the Government be required to prove "that, at the time of the conduct in question, there was at least the contemplation of a federal investigation or proceeding of some type" (Doc. 34, p. 15). Section 1512 contains no such requirement. Rather, for the purposes of that section, "an official proceeding need not be pending or about to be instituted at the time of the offense." 18 U.S.C. 1512(f)(1). Moreover, the Eleventh Circuit in United States v. Veal, supra, 153 F.3d at 1250 (emphasis in original), stated that the statute "does not depend on the existence or imminency of a federal case or investigation[,] but rather on the possible existence of a federal crime and a defendant's intention to thwart an inquiry into that crime."

For these reasons, I recommend that the motion to dismiss count one (Doc. 34) be denied.

Respectfully submitted,

*[signature: Thomas G. Wilson]*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: MAY 5, 2006

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).