AO 245B  (Rev 06/05)  Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER:   8:06-cr-3-T-23TGW
USM NUMBER:    48355-018

vs.

JACOB JEAN-MARIE

Defendant's Attorney:   Adam Allen, pda

THE DEFENDANT:

__X__ pleaded guilty to counts One, Two, Three, and Five of the Superseding Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 1111, 1512(a)(1)(C), and 1512(a)(3)(B)(i), 1111, and 2 | Attempted Murder of a Witness | October 26, 2005 | ONE |
| 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(iii), and 2 | Carrying a Firearm Discharged During and in Relation to a Crime of Violence | October 26, 2005 | TWO |
| 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii) | Conspiracy to Distribute 500 Grams or More of Cocaine | October 26, 2005 | THREE |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1) (B)(iii), and 18 U.S.C. § 2 | Possession With Intent to Distribute 5 Grams or More of Cocaine Base | October 26, 2005 | FIVE |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__X__ Counts Four, Six, and Seven of the Superseding Indictment, as well as Counts One through Four of the underlying indictment are dismissed in accordance with the plea agreement.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence:  September 26, 2006

*[signature]*

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**

DATE:  September **27th**, 2006

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | JACOB JEAN-MARIE | Judgment - Page _2_ of _6_ |
| Case No.: | 8:06-cr-3-T-23TGW | |

## IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **THREE HUNDRED FIFTY-FIVE (355) MONTHS**.

      The term consists of TWO HUNDRED THIRTY-FIVE (235) MONTHS as to Counts One, Three, and Five of the Superseding Indictment, all such terms to run concurrently; and ONE HUNDRED TWENTY (120) MONTHS as to the Count Two of the Superseding Indictment, to be served consecutively to the terms of imprisonment imposed in Counts One, Three, and Five.

\_\_\_ The court makes the following recommendations to the Bureau of Prisons:

_X_ The defendant is remanded to the custody of the United States Marshal.
\_\_\_ The defendant shall surrender to the United States Marshal for this district.

      \_\_ at \_\_ a.m./p.m. on \_\_.
      \_\_ as notified by the United States Marshal.

\_\_\_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

      \_\_ before 2 p.m. on \_\_\_.
      \_\_ as notified by the United States Marshal.
      \_\_ as notified by the Probation or Pretrial Services Office.

## RETURN

      I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

\_\_ at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy United States Marshal

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | JACOB JEAN-MARIE | Judgment - Page _3_ of _6_ |
| Case No.: | 8:06-cr-3-T-23TGW | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **SIXTY (60) MONTHS**. The term consists of THIRTY-SIX (36) MONTHS as to Count One of the Superseding Indictment, and SIXTY (60) MONTHS as to Counts Two, Three, and Five of the Superseding Indictment; all such terms tor run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

__X__  The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

__X__  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## <u>STANDARD CONDITIONS OF SUPERVISION</u>

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | JACOB JEAN-MARIE | Judgment - Page _4_ of _6_ |
| Case No.: | 8:06-cr-3-T-23TGW | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

<u>X</u>    The defendant shall participate in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency and follow the probation officer's instructions regarding the implementation of this court directive. This program may include testing for the detection of substance use or abuse not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. Upon completion of a drug or alcohol dependency treatment program, the defendant is directed to submit to testing for the detection of substance use or abuse not to exceed 104 times per year.

AO 245B (Rev 06/05) Sheet 5  - Criminal Monetary Penalties (Judgment in a Criminal Case)

| Defendant: | JACOB JEAN-MARIE | Judgment - Page  5  of  6 |
|---|---|---|
| Case No.: | 8:06-cr-3-T-23TGW | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $400.00 | $ waived | $97,383.00 |

___ The determination of restitution is deferred until ____.   An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

___ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Office of the Attorney General<br>Division of Victims Service and<br>Criminal Justice Programs<br>The Capitol, PL-01<br>Tallahassee, Florida   32399-1050 | | | |
| Polk Healthcare Plan of Polk County<br>Bartow, Florida | | | |
| Various medical professionals and facilities | | | |
| Joseph Alexander | | | |
| Totals: | $ | $ 97,383.00 | |

_ Restitution amount ordered pursuant to plea agreement  $ _____.

_ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

_ the interest requirement is waived for the ___ fine  ___ restitution.

_ the interest requirement for the ___ fine  ___ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant:    JACOB JEAN-MARIE | Judgment - Page _6_ of _6_ |
| Case No.:    8:06-cr-3-T-23TGW | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.    _X_    Lump sum payment of $ **_400.00_** (special assessment) due immediately, balance due

         ___ not later than _____ , or

         ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B.    ___    Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.    ___    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.    ___    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ , (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.    ___    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.    _X_    Special instructions regarding the payment of criminal monetary penalties:

         Restitution: **$97,383.00**. While in the Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his or her monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant's financial circumstances will be evaluated, and the Court may establish a new payment scheduled accordingly. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_      Joint and Several

         Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

_      The defendant shall pay the cost of prosecution.

_      The defendant shall pay the following court cost(s):

_      The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.